FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 JUL 10 PM 4: 43

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY D. RUSSELL,**<br>on behalf of herself and others similarly situated | CIVIL ACTION<br>NO. 03-1994 |
| **VERSUS** | |
| **CHOICEPOINT SERVICES, INC.** | SECTION<br>SECT. K MAG. 4<br>JUDGE<br>MAG. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CLASS ACTION COMPLAINT

The class action Complaint of plaintiff, **Betty D. Russell**, on behalf of herself and all other similarly situated individuals, respectfully represents as follows:

### JURISDICTION

**1.**

This Honorable Court has jurisdiction in this matter pursuant to 28 U.S.C. 1331 (federal question), because this Complaint is brought pursuant to the provisions of 18 U.S.C. 2721, *et seq.* (the Driver's Privacy Protection Act, "DPPA"), and in particular, 18 U.S.C. 2724. Venue is proper in this District because (1) the acts and/or omissions, and the statutory violations which are complained of herein occurred in the Eastern District of Louisiana, and (2) plaintiff sustained injury under the DPPA in the Eastern District of Louisiana by reason of defendant's violations, as set forth herein.

Fee 150.00
Process
X Dktd
CtRmDep
Doc. No.

## PARTIES

**2.**

Plaintiff, Betty D. Russell, is a person of the age of majority and a resident and domiciliary of the Eastern District of Louisiana.

**3.**

Defendant, ChoicePoint Services, Inc. ("ChoicePoint") is a Georgia corporation with its principal place of business in Alpharetta, Georgia.

## FACTUAL ALLEGATIONS

**4.**

The Driver's Privacy Protection Act, 18 U.S.C. 2721, *et seq.*, was enacted in 1993, as part of the Violent Crime Control and Law Enforcement Act of 1993. The DPPA was passed in response to several highly publicized crimes, which occurred as a result of criminals obtaining personal information from publicly available motor vehicle records, and using the information to stalk, murder or rob their victims. The DPPA was amended in 1999, to further restrict the distribution of personal information from motor vehicle records to marketers and solicitors without the express consent of the individual to whom the information pertains.

**5.**

The DPPA sets forth an exclusive list of permissible purposes to obtain and use "personal" and "highly personal" information from motor vehicle records. Obtaining information from motor vehicle records for the purpose of resale is not included among the exclusive list of permissible purposes to obtain motor vehicle records under the DPPA. Rather, the DPPA provides that information from motor vehicle records may be disclosed or distributed, but *only* by persons who initially obtain the information for a permissible purpose under the DPPA. Thus, the DPPA does

not delegate its "gatekeeping" functions to profit-making resellers such as defendant, ChoicePoint; instead, the DPPA requires that the states, themselves, are "gatekeepers" of the motor vehicle record they collect and maintain.

6.

Defendant, ChoicePoint, obtained the personal information, and/or highly personal information, as defined in the DPPA, of plaintiff, Betty D. Russel, and all other proposed class members, from motor vehicle records, without any permissible purpose under the DPPA. ChoicePoint obtained the said information from motor vehicle records for the impermissible purpose of disclosure and distribution by resale to its customers. ChoicePoint disclosed and distributed the said information pertaining to plaintiff and the proposed class members, obtained from motor vehicle records, to its customers. ChoicePoint has no permissible DPPA purpose for obtaining the information from motor vehicle records that ChoicePoint resells, discloses and/or distributes to its customers.

7.

Plaintiff, Betty Russell, and the proposed class members, did not consent to the disclosure of information pertaining to her and them from motor vehicle records. ChoicePoint continues to disclose by resale plaintiffs' and the proposed class members' personal and/or highly personal information obtained from motor vehicle records in violation of the DPPA. ChoicePoint resells impermissibly obtained personal and/or highly personal information obtained from motor vehicle records without adequately determining that the customers to whom ChoicePoint distributes and discloses the information have a permissible purpose under the DPPA.

**8.**

Plaintiff and all proposed class members, who did not expressly consent to the disclosure of information pertaining to them from motor vehicle records, and whose personal and/or highly personal information has been obtained by ChoicePoint from motor vehicle records, have sustained injury as contemplated by the DPPA as a result of ChoicePoint's violations.

**CLASS ALLEGATIONS**

**9.**

Representative plaintiff, Betty D. Russell, brings this action on behalf of herself and (a) a proposed class of all persons whose personal and/or highly personal information has been obtained from motor vehicle records by ChoicePoint; and (b) a subclass of all persons domiciled in Louisiana whose personal and/or highly personal information has been obtained from motor vehicle records in Louisiana by ChoicePoint.

**10.**

All proposed class members of this class, which is geographically limited to current residents of the United States, seek relief under the same legal and remedial theories, under the provisions of 18 U.S.C. 2724, pursuant to the facts described hereinabove, so that the claims of the representative plaintiffs are typical of the claims of all class members.

**11.**

The questions and issues of law and fact set forth in this Complaint are common to all class members. The proposed class numbers more than one hundred persons, widely dispersed, so that joinder is impractical.

**12.**

The representative plaintiff and her counsel have no conflicts which would prevent their

adequate representation of all class members. Proposed class counsel is experienced in class action matters, having served as lead counsel in more than ten class action or putative class action matters in the Eastern District of Louisiana.

### 13.

This action should be maintained as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2), because plaintiffs seek declaratory and injunctive relief, declaring the practices of defendants, alleged hereinabove, to be unlawful and prohibiting defendants from obtaining information from motor vehicle records in violation of the DPPA as alleged hereinabove. The monetary relief which plaintiffs seek is incidental to the equitable relief sought, in that plaintiffs seek only statutory damages and punitive damages as provided for by the DPPA, and liability under equitable theories advanced will automatically entitle plaintiffs to statutory damages, costs, and attorneys' fees.

### 14.

Alternatively, plaintiffs' claims for damages in this action should be maintained as a class action pursuant to Fed. R. Civ. Proc. 23(b)(3), separately from their claims for equitable relief, because common issues, as described hereinabove, predominate over any individual ones, and because class action is superior to other methods available for resolution of this controversy.

### 15.

Class action is superior because repetitive litigation of identical issues as presented here would waste the resources of the courts and the parties; the individual stakes are small when compared with the costs of the litigation; the class members are widely dispersed, and are unlikely to bring individual actions, which would be costly, to protect their interests; and this class action is superior to the repeated production and evaluation of identical evidence which would attend

individual litigation of hundreds of claims, with attending waste of expert and attorney labor, and the waste of the resources of the Court; finally, to leave this matter unaddressed would encourage wrongdoing on the part of ChoicePoint and others, to the public's detriment and in contravention of the policies of the DPPA.

**WHEREFORE**, representative plaintiffs, Betty D. Russell, individually and on behalf of others similarly situated, respectfully prays for judgment against defendant, ChoicePoint, including declaratory and/or injunctive relief, statutory liquidated damages as provided by the DPPA, punitive damages, attorney's fees, all costs of this action, and prejudgment interest, and all general and equitable relief to which they may be entitled. Plaintiff further prays that she and her counsel, Dawn Adams Wheelahan, be appointed to represent the class.

Respectfully submitted,

DAWN ADAMS WHEELAHAN (19263)
650 Poydras Street, Suite 1550
New Orleans, Louisiana, 70130
Telephone: (504) 522-0495
Facsimile: (504) 581-1624

**HAROLD M. WHEELAHAN III (#12381)**
**STEPHEN R. RUE & ASSOCIATES**
3309 Williams Boulevard
Kenner, Louisiana 7006
Telephone: (504) 443-2400
Facsimile: (504) 443-5533

C:\Russell\Pleadings\Complaint.wpd