FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 FEB 20  PM 4: 16

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY D. RUSSELL and**<br>**YVONNE MORSE**<br>on behalf of themselves and others similarly situated<br><br>VERSUS<br><br>**REED ELSEVIER, INC.** | CIVIL ACTION<br><br>03 - 1994 C/W<br><br>NO. 03-2040<br><br>SECTION "S" (4)   K<br><br>JUDGE LEMMON<br>MAG. ROBY |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SECOND AMENDED CLASS ACTION COMPLAINT

The class action Complaint of plaintiffs, **Betty D. Russell** and **Yvonne Morse**, on behalf of themselves and all other similarly situated individuals, respectfully represents as follows:

**I.**

In its Order entered January 22, 2004, Rec. Doc. No. 31, the Court granted plaintiffs leave to amend their complaint provided this was done by February 20, 2004.

**II.**

### JURISDICTION

**1.**

This Honorable Court has jurisdiction in this matter pursuant to 28 U.S.C. 1331 (federal question), because this Complaint is brought pursuant to the provisions of 15 U.S.C. 1681, *et seq.*, (the **Fair Credit Reporting Act, "FCRA"**), and in particular, 15 U.S.C. §§1681n and o.

___ Fee_____
___ Process___
X   Dktd_____
___ CtRmDep___
___ Doc. No. 33

Venue is proper in this District because (1) the acts and/or omissions, and the statutory violations which are complained of herein occurred in the Eastern District of Louisiana, and (2) plaintiffs sustained injury under the FCRA in the Eastern District of Louisiana by reason of defendant's violations, as set forth herein.  This Honorable Court has supplemental jurisdiction under 28 U.S.C. 1367 over state law claims brought herein under Louisiana law, because these claims arise from the same transactions and involve the same nucleus of operative facts as the federal claims.

## PARTIES

**2.**

Plaintiff, Betty D. Russell, is a person of the age of majority and a resident and domiciliary of the Eastern District of Louisiana.  Plaintiff, Yvonne Morse, is a person of the age of majority and a domiciliary of the Eastern District of Louisiana.

**3.**

Defendant, Reed Elsevier, Inc, is a Massachusetts corporation with its principal place of business in Newton, Massachusetts.  Reed Elsevier, Inc. is an American holding company for Reed Elsevier, PLC and Reed Elsevier, NV (British and Dutch corporations, respectively) which in turn conduct business through two jointly owned companies, Reed Elsevier Group, PLC and Elsevier Reed Finance, NV (British and Dutch corporations, respectively).  Reed Elsevier, PLC and Reed Elsevier, NV, Reed Elsevier Group, PLC and Elsevier Reed Finance, NV together own 100% of their American holding company, Reed Elsevier, Inc.  Reed Elsevier, Inc. conducts business throughout the United States, including the Eastern District of Louisiana, under the trade name and trade mark Lexis/Nexis.  Lexis/Nexis is a division of Reed Elsevier, Inc. ("REI").

## FACTUAL ALLEGATIONS

### Fair Credit Reporting Act Violations

4.

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681b, sets forth an exclusive list of permissible purposes for which consumer reporting agencies may furnish consumer reports (more commonly known as "credit reports"), which are expansively defined in the FCRA and interpretations thereof by the Federal Trade Commission. §1681b(f) of the FCRA prohibits the obtaining and use of credit reports for any purpose not authorized by §1681b's exclusive list. Furnishing consumer reports for the purpose of reselling the reports is not included among §1681b's list of permissible purposes.

5.

§1681e(e) of the FCRA **does not** authorize the furnishing of consumer reports for the purpose of reselling the reports (because all permissible purposes for furnishing, obtaining and using consumer reports are set forth in §1681b) Rather, §1681e(e) sets forth prohibitions relating to the resale of consumer reports by persons who initially obtain the reports for a permissible purpose under §1681b (such as permissible "prescreening" to make offers of credit or insurance, or for underwriting purposes, which results in the compiling of lists which are deemed consumer reports under the FCRA, and which may be resold pursuant to the provisions of §1681e(e)).

6.

§1681e(e)(1) provides that credit reports may not be procured for the purpose of reselling the reports unless the reseller discloses to the consumer reporting agency that originally furnishes the report (A) the identity of the end-user of the report and (B) each permissible purpose under

§1681b for which the report is furnished to the end user. Further, §1681e(e)(2) requires, among other things, that persons who procure consumer reports for purposes of reselling the reports shall (A) establish and comply with reasonable procedures to ensure that consumer reports are resold only for a purpose authorized by §1681b, including obtaining identification of each end user of the report, and certification of the purpose for which the report will be used, and that the report will be used for no other purpose. §1681e(e)(2)(B) requires that, before reselling the consumer report, the reseller must make reasonable efforts to verify both the identities and the certifications obtained under §1681e(e)(2)(A).

7.

Defendant, Reed Elsevier, Inc., willfully obtained the consumer report databases of consumer reporting agencies, Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian"), containing information which is used as a factor in determining credit eligibility, or which is used in credit score modeling, and which therefore comprises consumer reports of plaintiffs and all proposed class members, without any permissible purpose under §1681b of the FCRA, in violation of §1681b(f) of the FCRA. These databases contained the consumer records of plaintiffs, Betty Russell and Yvonne Morse, which were improperly obtained by Reed Elsevier, Inc. in violation of 15 U.S.C. 1681b(f).

8.

Defendant, Reed Elsevier, Inc., through its Lexis/Nexis division, willfully resells to its customers information improperly obtained from the consumer reports of plaintiffs and the proposed class members, without adequate identifications and certifications as required by §1681e(e)(2)(A) of the FCRA, and without making reasonable efforts to verify the identifications and certifications under §1681e(e)(2)(A) (where these are obtained at all), in violation of

§1681e(e)(2)(B) of the FCRA.

### Louisiana Law Claims

**9.**

Defendant, Reed Elsevier, Inc., has violated the provisions of La. R. S. 3571.1, and has failed to exercise ordinary care and due diligence, by Reed Elsevier, Inc.'s obtaining of plaintiffs' and the putative class members' consumer reports for an in violation of §1681b(f) and §1681e(e) of the FCRA.

**10.**

Plaintiffs and all proposed class members have sustained injury as contemplated by the FCRA as a result of defendant, Reed Elsevier, Inc.'s violations as described hereinabove.

### CLASS ALLEGATIONS

**11.**

Representative plaintiffs, Betty D. Russell and Yvonne Morse, bring this action on behalf of themselves and (a) a class of all persons whose consumer reports have been obtained by Reed Elsevier, Inc. and/or Lexis/Nexis from the databases of Equifax or Experian; and (b) a subclass of all persons domiciled in Louisiana whose consumer reports have been obtained by Reed Elsevier, Inc. and/or Lexis/Nexis from the databases of Equifax or Experian.

**12.**

All proposed class members of this class, which is geographically limited to current residents of the United States, seek relief under the same legal and remedial theories, under the provisions of 15 U.S.C. §§1681n and o, pursuant to the facts described hereinabove, so that the claims of the representative plaintiffs are typical of the claims of all class members. All subclass

members seek relief under the same legal and remedial theories under the provisions of 18 U.S.C. 15 U.S.C. §§1681n and o, and Louisiana law, pursuant to the facts described hereinabove, so that the claims of the representative plaintiffs are typical of the claims of all respective subclass members

13.

The questions and issues of law and fact set forth in this Complaint are common to all class members. The proposed class numbers more than one hundred persons, widely dispersed, so that joinder is impractical.

14.

The representative plaintiffs and their counsel have no conflicts which would prevent their adequate representation of all class members. Proposed class counsel is experienced in class action matters, having served as lead counsel in more than ten class action or putative class action matters in the Eastern District of Louisiana.

15.

The Louisiana law claims in this action should be maintained as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2), because plaintiffs seek declaratory and injunctive relief, declaring the practices of defendants, alleged hereinabove, to be unlawful and prohibiting defendants from obtaining information from consumer reports in violation of Louisiana law as alleged hereinabove. The monetary relief which plaintiffs seek is incidental to the equitable relief sought, in that plaintiffs seek only statutory damages and punitive damages as provided for by the DPPA and equitable relief under Louisiana law, and liability under equitable theories advanced will automatically entitle plaintiffs to statutory damages, costs, and attorneys' fees.

**16.**

Plaintiffs' and the class members' claims under the FCRA should be maintained as a class action pursuant to Fed. R. Civ. Proc. 23(b)(3), because common issues, as described hereinabove, predominate over any individual ones, and because class action is superior to other methods available for resolution of this controversy.

**17.**

Class action is superior because repetitive litigation of identical issues as presented here would waste the resources of the courts and the parties; the individual stakes are small when compared with the costs of the litigation; the class members are widely dispersed, and are unlikely to bring individual actions, which would be costly, to protect their interests; and this class action is superior to the repeated production and evaluation of identical evidence which would attend individual litigation of hundreds of claims, with attending waste of expert and attorney labor, and the waste of the resources of the Court; finally, to leave this matter unaddressed would encourage wrongdoing on the part of Reed Elsevier, Inc., Lexis/Nexis, and others, to the public's detriment and in contravention of the FCRA, and Louisiana law.

**18.**

Plaintiff and the putative class members are entitled to and request a trial by jury.

**WHEREFORE**, representative plaintiffs, Betty D. Russell and Yvonne Morse, individually and on behalf of others similarly situated, respectfully pray for judgment against defendant, Reed Elsevier, Inc. ("REI"), including declaratory and/or injunctive relief under the Louisiana law, statutory and punitive damages under the FCRA, actual damages in the form of disgorgement of revenues obtained from improper obtainment and sale of information from

consumer reporting databases, attorney's fees, all costs of this action, and prejudgment interest, and all general and equitable relief to which they may be entitled. Plaintiffs further pray that they and their counsel, Dawn Adams Wheelahan, be appointed to represent the class.

Respectfully submitted,

DAWN ADAMS WHEELAHAN (19263)
650 Poydras Street, Suite 1550
New Orleans, Louisiana, 70130
Telephone: (504) 522-0495
Facsimile:  (504) 581-1624


**HAROLD M. WHEELAHAN III (#12381)**
**STEPHEN R. RUE & ASSOCIATES**
3309 Williams Boulevard
Kenner, Louisiana 7006
Telephone: (504) 443-2400
Facsimile:  (504) 443-5533


**CERTIFICATE OF SERVICE**
Undersigned counsel hereby certifies that a copy of the foregoing has been served on all parties through their counsel by facsimile transmission, this 20th day of February, 2004.

DAWN ADAMS WHEELAHAN