

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 FEB 25  PM 2: 24

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY D. RUSSELL and** <br> **YVONNE MORSE** <br> **on behalf of themselves and others similarly situated** | **CIVIL ACTION** |
| **VERSUS** | **NO. 03-1994** |
| **CHOICEPOINT SERVICES, INC.** | **SECTION "K" (4)** |
| | **JUDGE DUVAL** <br> **MAG. ROBY** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## FIRST AMENDED CLASS ACTION COMPLAINT

The class action Complaint of plaintiffs, **Betty D. Russell** and **Yvonne Morse**, on behalf

of themselves and all other similarly situated individuals, respectfully represents as follows:

### I.

There has been no responsive pleading filed by any defendant in this action; nor has any

previous amended complaint been filed.

### II.

### JURISDICTION

### 1.

This Honorable Court has jurisdiction in this matter pursuant to 28 U.S.C. 1331 (federal

question), because this Complaint is brought pursuant to the provisions of 18 U.S.C. 2721, *et seq.*

(the Driver's Privacy Protection Act, "DPPA"), and in particular, 18 U.S.C. 2724, and also

Fee_____
Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc No._____

pursuant to the provisions of the 15 U.S.C. 1681, *et seq.*, (the Fair Credit Reporting Act,

"FCRA"), and in particular, 15 U.S.C. 1681n.  This Court has jurisdiction under 28 U.S.C. 1367

over state law claims brought herein because these arise from the same transactions and involve

the same nucleus of operative facts as the federal claims.  Venue is proper in this District because

(1) the acts and/or omissions, and the statutory violations which are complained of herein

occurred in the Eastern District of Louisiana, and (2) plaintiffs sustained injury under the DPPA

and under the FCRA in the Eastern District of Louisiana by reason of defendant's violations, as

set forth herein.

## PARTIES

### 2.

Plaintiff, **Betty D. Russell**, is a person of the age of majority and a resident and

domiciliary of the Eastern District of Louisiana.  Plaintiff, **Yvonne Morse**, is a person of the age

of majority and a resident and domiciliary of the Eastern District of Louisiana.

### 3.

Defendant, ChoicePoint Services, Inc. ("ChoicePoint") is a Georgia corporation with its

principal place of business in Alpharetta, Georgia.  ChoicePoint is a consumer reporting agency as

defined by the Fair Credit Reporting Act, 15 U.S.C. 1681a(f).

## FACTUAL ALLEGATIONS

### DPPA Claims

### 4.

The Driver's Privacy Protection Act, 18 U.S.C. 2721, *et seq.*, was enacted in 1993, as part

of the Violent Crime Control and Law Enforcement Act of 1993.  The DPPA was passed  in

response to several highly publicized crimes, which occurred as a result of criminals obtaining

personal information from publicly available motor vehicle records, and using the information to stalk, murder or rob their victims. The DPPA was amended in 1999, to further restrict the distribution of personal information from motor vehicle records to marketers and solicitors without the express consent of the individual to whom the information pertains.

**5.**

The DPPA sets forth an exclusive list of permissible purposes to obtain and use "personal" and "highly personal" information from motor vehicle records. Obtaining information from motor vehicle records for the purpose of target marketing, or resale to target marketers, is not included among the exclusive list of permissible purposes to obtain motor vehicle records under the DPPA, unless the consumer has expressly consented to the disclosure of his or her information. Plaintiffs in this action, Betty Russell and Yvonne Morse, did not give their consent, either to ChoicePoint or to the State of Louisiana, to disclose their personal or highly personal information from motor vehicle records.

**6.**

Defendant, ChoicePoint, disclosed the personal information, and/or highly personal information, as defined in the DPPA, of plaintiffs, Betty D. Russel and Yvonne Morse, and all other proposed class members, obtained from motor vehicle records, for the purpose of target marketing, without plaintiffs' consent and without any other permissible purpose under the DPPA. ChoicePoint did so through a product offered to its customers called DirectLink. ChoicePoint's DirectLink offers its users access to its product, "MarketView," a national database which contains records pertaining to more than 200 million consumers. The database includes information on consumers' insurance and financial attributes, consumer credit data, demographics, and information from motor vehicle records.

7.

Plaintiffs, Betty Russell and Yvonne Morse, and the proposed class members, did not consent to the disclosure of information pertaining to them from motor vehicle records. Therefore, ChoicePoint's disclosure of this information for the purpose of target marketing violates the DPPA. ChoicePoint continues to disclose by resale plaintiffs' and the proposed class members' personal and/or highly personal information obtained from motor vehicle records for the purpose of target marketing, in violation of the DPPA.

8.

Plaintiff and all proposed class members, defined as those who did not expressly consent to the disclosure of information pertaining to them from motor vehicle records, and whose personal and/or highly personal information has been obtained by ChoicePoint from motor vehicle records and disclosed for the purpose of target marketing, have sustained injury as contemplated by the DPPA as a result of ChoicePoint's impermissible disclosure of their personal and/or highly personal information.

### Fair Credit Reporting Act Violations

9.

ChoicePoint is a consumer reporting agency as defined by §1681a(f) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq.* ChoicePoint is engaged in whole or in part in assembling or evaluating consumer credit information or other information on consumers for the purpose of providing consumer reports to third parties, and ChoicePoint uses interstate wire communications for the purpose of preparing or furnishing consumer reports to third parties.

10.

The target marketing products and/or information provided by ChoicePoint to its

customers for the purpose of target marketing includes information which bears upon consumers'

character, creditworthiness, credit standing, credit capacity, general reputation and/or mode of

living, and/or is used for the purpose of prescreening, or credit modeling, or as a factor in

determining credit eligibility. Therefore, the target marketing products and/or information

provided by ChoicePoint to its customers comprise consumer reports, as defined by the FCRA,

§1681a(d).

### 11.

15 U.S.C. §1681b of the FCRA sets forth an exclusive list of permissible purposes for

which consumer reporting agencies may furnish consumer reports, which are expansively defined

in the FCRA and in the Federal Trade Commission's interpretations thereof. Target marketing is

not included among the exclusive list of permissible purposes for which consumer reports may be

furnished, as set forth in §1681b of the FCRA. Therefore, furnishing consumer reports for the

purpose of target marketing is prohibited by the FCRA.

### 12.

§1681e(e) of the FCRA **does not** authorize the furnishing of consumer reports for the

purpose of reselling the reports (because all permissible purposes for furnishing, obtaining and

using consumer reports are set forth in §1681b) Rather, §1681e(e) sets forth prohibitions

relating to the resale of consumer reports by persons who initially obtain the reports for a

permissible purpose under §1681b (such as permissible "prescreening" to make firm offers of

credit or insurance, or for underwriting purposes, which results in the compiling of lists which are

deemed consumer reports under the FCRA, and which may be resold pursuant to the provisions

of §1681e(e)).

### 13.

§1681e(e)(1) provides that credit reports may not be procured for the purpose of reselling the reports unless the reseller discloses to the consumer reporting agency that originally furnishes the report (A) the identity of the end-user of the report and (B) each permissible purpose under §1681b for which the report is furnished to the end user.

**14.**

§1681e(e)(2) requires, among other things, that persons such as ChoicePoint who procure consumer reports for purposes of reselling the reports shall (A) establish and comply with reasonable procedures to ensure that consumer reports are resold only for a purpose authorized by §1681b, including obtaining identification of each end user of the report, and certification of the purpose for which the report will be used, and that the report will be used for no other purpose. §1681e(e)(2)(B) requires that, before reselling the consumer report, the reseller must make reasonable efforts to verify both the identities and the certifications obtained under §1681e(e)(2)(A).

**15.**

ChoicePoint has violated the provisions of §1681b of the FCRA with respect to plaintiffs, Betty Russell and Yvonne Morse, and all other proposed class members, by disclosing to its customers for the purpose of target marketing, information pertaining to them which is defined as a consumer report under the FCRA, as set forth above, without any permissible purpose under §1681b of the FCRA. Included in ChoicePoint's impermissible disclosures is plaintiffs' and the class members' ages, and other information pertaining to their creditworthiness and mode of living.

**16.**

ChoicePoint has violated the provisions of §1681e(e)(1) of the FCRA by obtaining

consumer reports and reselling them without disclosing to the consumer reporting agency which

originally furnished the reports (A) the identity of the end-user of the report and (B) each

permissible purpose under §1681b for which the report is furnished to the end user.  ChoicePoint

has done so with respect to plaintiffs, Betty Russell and Yvonne Morse, and all proposed class

members, by disclosing their consumer reports to ChoicePoint's target marketing customers, for

the impermissible purpose of target marketing.

### 17.

ChoicePoint has violated the provisions of §1681e(e)(2) of the FCRA, by (A) failing to

establish and comply with reasonable procedures to ensure that its consumer reports are resold

only for a purpose authorized by §1681b, including obtaining identification of each end user of the

report, and certification of the purpose for which the report will be used, and that the report will

be used for no other purpose; and (B) failing to make reasonable efforts before reselling consumer

reports to verify both the identities and the certifications obtained under §1681e(e)(2)(A).

ChoicePoint has done so with respect to plaintiffs, Betty Russell and Yvonne Morse, and all

proposed class members, particularly with respect to their consumer reports disclosed by

ChoicePoint to ChoicePoint's target marketing customers, for the impermissible purpose of target

marketing.

### Louisiana State Law Claims

### 18.

Defendant, ChoicePoint, Inc., has violated the provisions of La. R. S. 3571.1, and has

failed to exercise ordinary care and due diligence, by ChoicePoint's disclosure of plaintiffs, Betty

Russell and Yvonne Morse's and the putative class members' consumer reports for the purpose of

target marketing in violation of §1681b and §1681e(e) of the FCRA.

**19.**

Plaintiffs and all proposed class members have sustained injury as contemplated by the FCRA as a result of defendant,ChoicePoint's violations as described hereinabove.

## CLASS ALLEGATIONS

**20.**

Representative plaintiffs, Betty D. Russell and Yvonne Morse, bring this action on behalf of themselves and (a) a proposed class of all persons who have not consented to the disclosure of their personal and/or highly personal information from motor vehicle records, and whose personal and/or highly personal information obtained from motor vehicle records has been disclosed by ChoicePoint for the purpose of target marketing; and (b) a proposed class of all persons whose consumer reports have been disclosed by ChoicePoint for the purpose of target marketing; and (c) a subclass of all persons domiciled in Louisiana whose consumer reports have been disclosed by ChoicePoint for the purpose of target marketing in violation of Louisiana law.

**21.**

All proposed class members of this class, which is geographically limited to current residents of the United States,  seek relief under the same legal and remedial theories, pursuant to the facts described hereinabove, so that the claims of the representative plaintiffs are typical of the claims of all class members.

**22.**

The questions and issues of law and fact set forth in this Complaint are common to all class and subclass members.  The proposed class numbers more than one hundred persons, widely

dispersed, so that joinder is impractical.

**23.**

The representative plaintiffs and their counsel have no conflicts which would prevent their adequate representation of all class members. Proposed class counsel is experienced in class action matters, having served as lead counsel in more than ten class action or putative class action matters in the Eastern District of Louisiana.

**24.**

Plaintiffs' claims under the DPPA and under Louisiana law in this action should be maintained as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2), because plaintiffs seek declaratory and injunctive relief, declaring the practices of defendants, alleged hereinabove, to be unlawful and prohibiting defendants from disclosing information from motor vehicle records in violation of the DPPA as alleged hereinabove. The monetary relief which plaintiffs seek is incidental to the equitable relief sought, in that plaintiffs seek only statutory damages and punitive damages as provided for by the DPPA, and liability under equitable theories advanced will automatically entitle plaintiffs to statutory damages, costs, and attorneys' fees.

**25.**

Plaintiffs' claims under the FCRA in this action should be maintained as a class action pursuant to Fed. R. Civ. Proc. 23(b)(3), because common issues, as described hereinabove, predominate over any individual ones, and because class action is superior to other methods available for resolution of this controversy.

**26.**

Class action is superior because repetitive litigation of identical issues as presented here would waste the resources of the courts and the parties; the individual stakes are small when

compared with the costs of the litigation; the class members are widely dispersed, and are unlikely to bring individual actions, which would be costly, to protect their interests; and this class action is superior to the repeated production and evaluation of identical evidence which would attend individual litigation of hundreds of claims, with attending waste of expert and attorney labor, and the waste of the resources of the Court; finally, to leave this matter unaddressed would encourage wrongdoing on the part of ChoicePoint and others, to the public's detriment and in contravention of the policies of the DPPA, the FCRA, and Louisiana law.

**WHEREFORE**, representative plaintiffs, Betty D. Russell and Yvonne Morse, individually and on behalf of others similarly situated, respectfully pray for judgment against defendant, ChoicePoint, including declaratory and/or injunctive relief, statutory liquidated damages as provided by the DPPA, statutory damages as provided by the FCRA, punitive damages, actual damages in the form of restitution of profits derived from the sale of plaintiffs' and the putative class members' consumer reports for the purpose of target marketing, attorney's fees, all costs of this action, and prejudgment interest, and all general and equitable relief to which they may be entitled. Plaintiffs further pray that they and their counsel, Dawn Adams Wheelahan, be appointed to represent the class.

Respectfully submitted,

**DAWN ADAMS WHEELAHAN (19263)**
650 Poydras Street, Suite 1550
New Orleans, Louisiana, 70130
Telephone: (504) 522-0495
Facsimile: (504) 581-1624

**HAROLD M. WHEELAHAN III (#12381)**
**STEPHEN R. RUE & ASSOCIATES**
3309 Williams Boulevard

C:\RussellChP\Pleadings\AmendedComplaint.wpd

Kenner, Louisiana 7006
Telephone:      (504) 443-2400
Facsimile:      (504) 443-5533

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that a copy of the foregoing has been served on all parties through their counsel by facsimile transmission, this 25th day of February, 2004.

**DAWN ADAMS WHEELAHAN**

C:\RussellChP\Pleadings\AmendedComplaint.wpd